**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAKISHA HOWELL,

      Plaintiff,                                                                 Case No. 1:18-cv-510

    v.                                                                      Black, J.
                                                                            Bowman, M.J.

THE OHIO STATE HIGHWAY PATROL SUBDIVISION, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

On July 25, 2018, Plaintiff Lakisha Howell initiated this action by filing a *pro se* complaint against three Defendants: the Ohio State Highway Patrol Subdivision, Aaron M. Shade, and Nick Croswell. In addition to her complaint, Plaintiff filed an application to proceed *in forma pauperis*.

**I.    General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); see also 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous

when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual

2

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). For the reasons discussed below, most of Plaintiff's complaint does not contain sufficient facts to state any viable claim, and the undersigned concludes that two of the three Defendants should be dismissed. Despite deficiencies in her complaint, however, the undersigned finds that a Fourth Amendment claim against Defendant Aaron M. Shade should proceed.

**II.   Allegations of Complaint**

Plaintiff alleges that she was "cited for failure to dim headlights…and arrested for operating a vehicle while under the influence of alcohol…by Aaron Shade Ohio State Highway Patrol Trooper on August 6, 2014." (Doc. 1-1 at ¶ 1). She alleges that she filed a motion to suppress based on "the alleged unlawful stop of my automobile and the alleged unlawful administration of the Field-Sobriety Test," but her motion was denied. (*Id.* at ¶ 2). She pleaded "no contest" to the OVI charge and was subsequently found guilty on April 7, 2017. (*Id.* at ¶ 3). She alleges that on March 1, 2018, the OVI charge was dismissed, with the case closed on the same date. (*Id.* at ¶ 4). She now seeks

damages of 3 million dollars for "Negligence Tort for Wrongful and Unlawful acts." (*Id.* at ¶ 5).

Although Defendant Shade is briefly identified as the arresting officer, there is no hint as to the identity of "Nick Croswell." In addition, Defendant Shade's name is mentioned only in the first paragraph, and the body of the complaint lacks any reference at all to the other two named Defendants. Instead, Plaintiff includes a few vague references to all "defendants." For example, she alleges: "The defendant(s) misrepresented the truth concerning" the two alleged traffic offenses, and "[t]he defendants made these allegations with knowledge that they were false, with the intentions of misleading the courts." (Doc. 1-1 at ¶ 6). She alleges that all "defendants acted intentionally and in reckless disregard and knew or should have known that [their] actions would result in serious emotional distress," and that the publication of false malicious statements caused "damages to her reputation, embarrassment, humiliation, and loss of enjoyment of life." (Doc. 1-1 at ¶¶ 7-8).

Plaintiff's failure to specify the identity of Nick Croswell and failure to indicate which Defendant engaged in what conduct that may have violated any constitutional right warrants dismissal, at a minimum, of Defendant Croswell and the Ohio State Highway Patrol Subdivision. In order to state a claim under 42 U.S.C. § 1983, an individual Defendant must have acted "under color of state law." In addition, a plaintiff is required to plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 129 S.Ct. at 1948. With the possible exception of Defendant Shade, who has been identified as a State Highway Patrol Trooper, a review of the complaint fails to reveal sufficiently specific allegations against

the Defendants that would place them on notice of the constitutional violations they are alleged to have committed.

Although no allegations specifically identify what the Ohio State Patrol Subdivision is alleged to have done, it is worth noting that the agency could not be held liable based upon any type of "failure to supervise" claim, because a supervisor cannot be held liable under 42 U.S.C. § 1983 unless he or she directly participated in or encouraged the alleged violation of constitutional rights. *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir.1994).

In addition, the Ohio State Highway Patrol is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. To the extent that Plaintiff intended to name Defendant Shade in his official capacity, he would enjoy the same immunity since suit against a state official in his official capacity is equivalent to suit against the state itself. *See generally, Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008); *Papasan v. Allain*, 478 U.S. 265, 276-279, 106 S. Ct. 2932 (1986); *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, with respect to the Ohio State Highway Patrol, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). The Court therefore lacks jurisdiction to entertain any claim sought to be asserted against the Ohio State Highway Patrol Subdivision.

Although the pleadings of a pro se litigant are to be construed liberally, the allegations that identify Defendant State Trooper Shade are limited to the first paragraph,

and other general allegations are relatively conclusory. In addition, significant portions of Plaintiff's complaint set forth claims captioned only as "Negligence." Allegations of negligence typically fall short of stating any claim under 42 U.S.C. § 1983. *See Collier v. Austin Peay State University,* 616 F. Supp.2d 760, 775 (M.D.Tenn. 2009) (discussing case law and holding that most claims based upon negligence "do not involve the violation of rights secured by the Constitution and laws of the United States"). On the other hand, despite (mis)characterizing her claims solely under the headings of "Negligence," Plaintiff also generally alleges "False imprisonment, Wanton, Willful misconduct…interference of my rights secured by the Constitution of laws of the United States, False and Defamatory statements, Malicious Purpose…Lack of Probable Cause to file Criminal Charges" and similar conduct that, liberally construed, could conceivably support a claim under the Fourth Amendment, one of multiple constitutional provisions that she cites in a cursory fashion. (Doc. 1-1 at 6).

Whatever concerns this Court may have with the proper boundaries of liberal construction, however, are ameliorated by taking judicial notice of *State v. Howell*, ___ N.E.3d ___, 2018-Ohio-591, 2018 WL 920022 (Ohio Ct. App. 2018). In that case, the Ohio Court of Appeals found that Defendant Shade did not have probable cause to stop Plaintiff for an alleged violation of the statute governing the use of vehicle headlights, when she initially failed to dim her high beam headlights upon her approach to the officer's vehicle from behind. The state court determined that "[b]ecause the stop of Howell's vehicle was not supported by probable cause or reasonable suspicion, …the trial court erred in failing to grant her motion to suppress." *Id.* at *1. Upon remand to the trial court, the undersigned infers from Plaintiff's complaint that all charges were dismissed.

6

Combining the facts as stated in the state court decision and the allegations in the complaint, the undersigned finds sufficient factual detail to make out a Fourth Amendment claim against Defendant Shade for false arrest and malicious prosecution.

The applicable statute of limitations for § 1983 actions arising in Ohio is two years. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). According to her complaint, as well as the facts related by the state court, Plaintiff was arrested on August 6, 2014. Because the statute of limitations has run on any false arrest claim, *see Wallace v. Kato*, 549 U.S. 384 (2007), only the malicious prosecution claim appears viable upon initial review.

Plaintiff includes cursory references to multiple other potential claims throughout her complaint, including references to the Sixth, Thirteenth, and Fourteenth Amendments. She also includes cursory references to a number of more unusually fashioned state or common law claims. For example, the claim captioned as "Count 2 – Negligence," alleges as follows:

> The Plaintiff dignity and reputation occasioned by the misuse of criminal proceedings. As a direct and proximate result of the Defendants negligence, The Plaintiff has experience and continues to experience great physical pain and suffering, and serious emotional distress, Harm, Contempt, Exposure to Public Hatred, Injuries of reputation, Embarrassment, Humiliation, Greif [sic], Suffering serious Emotional Anguish, Physical Discomfort, Ridicule, Shame, Disgrace, 2 miscarries from stress, Ill-Will, Mental Distress, Loss of Business Opportunities, Loss of Life and Wrongful Damage

(Doc. 1-1 at 6, spelling and punctuation original). However, none of Plaintiff's allegations contain sufficient factual content that would allow this Court to draw the reasonable inference that any of the three Defendants are liable for the conduct/claims asserted, other than the liberally construed malicious prosecution claim against Defendant Shade.

*See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** the complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's individual capacity claim against Defendant Aaron Slade for malicious prosecution in violation of her Fourth Amendment rights.

                                             *s/ Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LAKISHA HOWELL,

       Plaintiff,                                      Case No. 1:18-cv-510

       v.                                             Black, J.
                                                    Bowman, M.J.

THE OHIO STATE HIGHWAY PATROL SUBDIVISION, et al.,

       Defendants.

**NOTICE**

       Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9