# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAKISHA HOWELL,

    Plaintiff,

v.

THE OHIO STATE HIGHWAY PATROL SUBDIVISION, et al.,

    Defendants.

Case No. 1:18-cv-510

Black, J.
Bowman, M.J.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### I.  Procedural Background

On July 25, 2018, Plaintiff Lakisha Howell initiated this action by filing a *pro se* complaint against three Defendants: the Ohio State Highway Patrol Subdivision, Aaron M. Shade, and Nick Croswell. In addition to her complaint, Plaintiff filed an application to proceed *in forma pauperis*. On August 8, 2018, the undersigned granted Plaintiff leave to proceed *in forma pauperis*, conditioned on her submission of properly completed service forms for Defendant Shade. On the same date, the undersigned recommended the dismissal of all claims against two other Defendants, and of most claims against Defendant Shade, except for a single construed claim of malicious prosecution arising under the Fourth Amendment.

Plaintiff complied with the Court's order by submitting appropriate service forms, which were then transmitted to the U.S. Marshal for service upon Defendant Shade on August 14, 2018. The record does not reflect that service of Plaintiff's original complaint has yet been completed upon Defendant Shade.

To date, Plaintiff has not filed any objections to the original Report and Recommendation ("R&R"), which remains pending before U.S. District Judge Dlott. However, on August 21, 2018, Plaintiff filed an amended complaint naming only Defendant Shade, and voluntarily dismissing two defendants as to whom dismissal previously had been recommended. (Doc. 6).

The amended complaint supersedes and replaces the original complaint. To that extent, this Supplemental R&R is required in order to review the amended complaint under the Court's general screening authority. *See* 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff's amended complaint largely re-states many of her original allegations, while clarifying that all allegations pertain to the single remaining Defendant

**II.     Allegations of Amended Complaint**

As in her original complaint, Plaintiff alleges in her amended complaint that she was "cited for failure to dim headlights…and arrested for operating a vehicle while under the influence of alcohol…by Aaron Shade Ohio State Highway Patrol Trooper on August 6, 2014." (Doc. 6 at ¶ 1). She alleges that she filed a motion to suppress based on "the alleged unlawful stop of my automobile and the alleged unlawful administration of the Field-Sobriety Test," but her motion was denied. (*Id.* at ¶ 2). She pleaded "no contest" to the OVI charge and was subsequently found guilty on April 7, 2017. (*Id.* at ¶ 3). She alleges that on March 1, 2018, the OVI charge was dismissed, with the case closed on the same date. (*Id.* at ¶ 4). The amended complaint reduces her demand for monetary damages from 3 million to the sum of $150,000 dollars for "Intentional Tort and False Imprisonment." (*Id.* at ¶ 7).

---

[1]A discussion of the Court's general screening authority was included at pages 1-3 of the August 8, 2018 R&R and is incorporated herein as if fully restated.

Plaintiff's original complaint suffered from multiple defects, leading to the recommended dismissal of two of the original defendants, as well as the recommended dismissal of all but a malicious prosecution claim against Defendant Shade in his individual capacity. Much of the analysis of the prior R&R applies to the allegations of the amended complaint. Thus, to the extent that Plaintiff intended to name Defendant Shade in his official capacity, he would enjoy immunity since suit against a state official in his official capacity is equivalent to suit against the state itself. *See generally, Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008); *Papasan v. Allain*, 478 U.S. 265, 276-279, 106 S. Ct. 2932 (1986); *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").

Although the pleadings of a pro se litigant are to be construed liberally, the allegations against Defendant State Trooper Shade are relatively conclusory. Whereas significant portions of Plaintiff's original complaint set forth claims captioned only as "Negligence," which typically fall short of stating any claim under 42 U.S.C. § 1983, Plaintiff has (mostly) eliminated references to negligence in her amended complaint. To the extent she intends to continue to assert negligence by Defendant Shade, she fails to state any claim. *See Collier v. Austin Peay State University,* 616 F. Supp.2d 760, 775 (M.D.Tenn. 2009) (discussing case law and holding that most claims based upon negligence "do not involve the violation of rights secured by the Constitution and laws of the United States").

One of the ways in which Plaintiff has attempted to eliminate claims of "Negligence"

from her original complaint is by recharacterizing the captions or headings to three separate counts of "False Imprisonment" in her amended complaint. However, Plaintiff has continued to include cursory references to the 6th, 13th, and 14th Amendments, as well as other conclusory allegations or assertions. To that extent, Plaintiff clearly has misunderstood the import of the prior R&R.

In recommending that only a single claim of malicious prosecution be permitted to proceed against Defendant R&R, the prior R&R reasoned as follows:

> [D]espite (mis)characterizing her claims solely under the headings of "Negligence," Plaintiff also generally alleges "False imprisonment, Wanton, Willful misconduct…interference of my rights secured by the Constitution of laws of the United States, False and Defamatory statements, Malicious Purpose…Lack of Probable Cause to file Criminal Charges" and similar conduct that, liberally construed, could conceivably support a claim under the Fourth Amendment, one of multiple constitutional provisions that she cites in a cursory fashion. (Doc. 1-1 at 6).
>
> Whatever concerns this Court may have with the proper boundaries of liberal construction, however, are ameliorated by taking judicial notice of *State v. Howell*, ___ N.E.3d ___, 2018-Ohio-591, 2018 WL 920022 (Ohio Ct. App. 2018). In that case, the Ohio Court of Appeals found that Defendant Shade did not have probable cause to stop Plaintiff for an alleged violation of the statute governing the use of vehicle headlights, when she initially failed to dim her high beam headlights upon her approach to the officer's vehicle from behind. The state court determined that "[b]ecause the stop of Howell's vehicle was not supported by probable cause or reasonable suspicion, …the trial court erred in failing to grant her motion to suppress." *Id*. at *1. Upon remand to the trial court, the undersigned infers from Plaintiff's complaint that all charges were dismissed. Combining the facts as stated in the state court decision and the allegations in the complaint, <u>the undersigned finds sufficient factual detail to make out a Fourth Amendment claim against Defendant Shade for false arrest and malicious prosecution</u>.
>
> The applicable statute of limitations for § 1983 actions arising in Ohio is two years. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). According to her complaint, as well as the facts related by the state court, Plaintiff was arrested on August 6, 2014. Because the statute of limitations has run on any false arrest claim, *see Wallace v. Kato*, 549 U.S. 384 (2007), <u>only the malicious prosecution claim appears viable upon initial review.</u>

4

> Plaintiff includes cursory references to multiple other potential claims throughout her complaint, including references to the Sixth, Thirteenth, and Fourteenth Amendments. She also includes cursory references to a number of more unusually fashioned state or common law claims. For example, the claim captioned as "Count 2 – Negligence," alleges as follows:
>
>> The Plaintiff dignity and reputation occasioned by the misuse of criminal proceedings. As a direct and proximate result of the Defendants negligence, The Plaintiff has experience and continues to experience great physical pain and suffering, and serious emotional distress, Harm, Contempt, Exposure to Public Hatred, Injuries of reputation, Embarrassment, Humiliation, Greif [sic], Suffering serious Emotional Anguish, Physical Discomfort, Ridicule, Shame, Disgrace, 2 miscarries from stress, Ill-Will, Mental Distress, Loss of Business Opportunities, Loss of Life and Wrongful Damage
>
> (Doc. 1-1 at 6, spelling and punctuation original). However, <u>none of Plaintiff's allegations contain sufficient factual content that would allow this Court to draw the reasonable inference that any of the three Defendants are liable for the conduct/claims asserted, other than the liberally construed malicious prosecution claim against Defendant Shade.</u> *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

(Doc. 4 at 6-8, emphasis added).

Plaintiff's amended complaint appears to have been intended to comply with the concerns expressed by the undersigned in the August 8, 2018 R&R, insofar as she has eliminated all references to the two defendants as to whom the undersigned found no claim has been stated. Consistent with the language of the R&R, Plaintiff emphasizes in her amended complaint that Defendant Shade lacked probable cause to conduct the traffic stop. However, despite the prior R&R directing service for a single construed *malicious prosecution* claim, Plaintiff's amended complaint does not contain the words "malicious prosecution." Instead, Plaintiff reasserts three separate claims under the caption of "false imprisonment."

Unfortunately for Plaintiff, any claim for false imprisonment would be barred by the

5

applicable statute of limitations for precisely the same reasons that her original construed claim for false arrest was deemed to be time-barred. *See Williams v. Schismenos*, 258 F. Supp.3d 842 (N.D. Ohio 2017) (claim for false imprisonment accrues when plaintiff is arrested); *see also generally Wallace v. Kato*, 549 U.S. 384 (2007); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).

In the prior R&R, I construed Plaintiff's claims liberally when I interpreted her allegations to include a claim of malicious prosecution, based in part upon allegations that Defendant Shade had acted with a "malicious purpose" in intentionally misrepresenting and "misus[ing]…criminal proceedings." (Doc. 3 at 6). Only the single construed claim of malicious prosecution under the Fourth Amendment was deemed sufficient to survive initial screening. In her amended complaint, Plaintiff has deleted the words "malicious purpose" and has omitted the phrase "misuse of criminal proceedings." Because her amended complaint does not characterize any claim as one for "malicious prosecution" and contains even fewer references to the previously construed Fourth Amendment claim against Defendant Shade, the undersigned finds it an even closer issue as to whether the Court should continue to liberally construe Plaintiff's claim as one for malicious prosecution, rather than taking at face value her own characterization of her claims as "false imprisonment."

At the end of the day, however, the undersigned finds the interests of justice, in combination with the extremely low screening bar of 28 U.S.C. § 1915(e), to warrant further development of a single claim of malicious prosecution against Defendant Shade. At the same time, the undersigned notes that permitting a claim to proceed beyond the screening level does not prohibit subsequent dismissal of a claim based upon an

6

appropriate motion later in the case proceedings, including a motion to dismiss or for judgment as a matter of law. Statutory screening standards are designed solely for preliminary review, and necessarily differ from considerations that would apply to fully briefed dispositive motions.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** the amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's individual capacity claim against Defendant Aaron Slade for malicious prosecution in violation of her Fourth Amendment rights.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAKISHA HOWELL,

    Plaintiff,

v.

THE OHIO STATE HIGHWAY PATROL SUBDIVISION, et al.,

    Defendants.

Case No. 1:18-cv-510

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).